## HAWKINS v. HAWKINS, ET AL.

1. **Will:** SUBSCRIBING WITNESS: HUSBAND AND WIFE. The fact that a husband is a legatee under a will does not render his wife incompetent as a subscribing witness to such will.

*Appeal from Lucas Circuit Court.*

TUESDAY, OCTOBER 5.

On the 22d day of February, 1879, Samuel Hawkins made his last will and testament. After making provisions for the erection of grave-stones and fences at the grave of his deceased wife and mother, and also his own, the will concluded as follows: "The balance of my property to be divided as follows: $25 to J. C. Hawkins, my brother, and the balance divided between W. H. Hawkins and Mary E. Barton, my brother and sister, W. H. Hawkins getting $200 more than Mary E. Barton.

"I hereby appoint Isaac Van Gilder my executor to exe-

cute my will after my decease, and exercise his judgment in the sale of my lands."

The said will was witnessed by W. H. Hawkins, T. C. Hawkins and Isaac Van Gilder.

After the decease of said Samuel Hawkins, the will was filed in the court below, and presented for probate. J. C. Hawkins and Mary A. Barton filed objections to the probate upon the grounds that W. H. Hawkins and T. C. Hawkins are husband and wife, and, because W. H. Hawkins was a legatee under the will, both he and his wife were not competent and disinterested subscribing witnesses, and that, therefore, said will was not duly and lawfully attested, and should not be admitted to probate.

It appeared upon the trial that T. C. Hawkins was the wife of W. H. Hawkins, as alleged. An order was made admitting said will to probate, but providing that W. H. Hawkins should take nothing under the same as a legatee. W. H. Hawkins appeals.

*Mitchell & Penick*, for appellant.

*J. R. Hurford*, for appellees.

ROTHROCK, J.—W. H. Hawkins was directly interested in the will as a legatee, and being a subscribing witness thereto

1. WILL: subscribing witness: husband and wife.

he could derive no benefit therefrom, unless there were two other competent and disinterested witnesses. Section 2327 of the Code provides that, "no subscribing witness to any will can derive any benefit therefrom unless there be two disinterested and competent witnesses to the same."

The only question to be determined then is, was T. C. Hawkins, the wife of W. H. Hawkins, a disinterested and competent witness? That she was a competent witness in the general sense cannot be disputed. By section 3636 of the Code it is provided that "every human being of sufficient capacity to understand the obligation of an oath is a compe-

tent witness in all cases, both civil and criminal, except as herein otherwise declared." A married woman, then, is a competent subscribing witness to a will. She is not within any of the exceptions contained in the Code. If it be said that she is not competent to establish that part of the will which makes her husband a legatee, the answer is, by section 3641, the husband or wife are, in all civil and criminal cases, competent witnesses for each other.

Is the wife a disinterested witness? No person offered as a witness is incompetent by reason of his interest in the event of the action or proceeding, except in certain cases. Code, § 3638. This section is qualified by section 2327, which requires that a legatee or devisee, who is a subscribing witness to a will, can derive no benefit therefrom unless there be two disinterested and competent subscribing witnesses. Our statute nowhere defines the interest which disqualifies a witness. See the general statute upon the subject. No such definition was necessary, because, as we have seen, interest does not, in general, disqualify. We are, then, to inquire whether, under the common law, modified by our statute making the wife a competent witness, has she such an interest in the legacy given by the will to her husband as to exclude her as a witness? In 1 Greenleaf on Evidence, Sec. 386, it is said: "This disqualifying interest, however, must be some legal, certain, and immediate interest, however minute, either in the event of the cause itself or in the record as an instrument of evidence in support of his own claims in a subsequent action. It must be a legal interest, as distinguished from the prejudice or bias resulting from friendship or hatred, or consanguinity, or any other domestic or social, or any official relation, or any other motives by which men are generally influenced; for these go only to the credibility * * *."

Again, in section 390, it is said: "The true test of the interest is, that he will either gain or lose by the direct legal operation and effect of the judgment * * *. It must

be a present, certain and vested interest, and not an interest uncertain, remote or contingent." See, also, *Cutter v. Fanning*, 2 Iowa, 580.

We think that by these rules the wife was a disinterested witness. She had no present, certain and vested interest in the legacy given to her husband. It was remote and contingent. It will be observed that this is not a devise of real estate. The will contemplates that whatever real estate there may be shall be sold to pay the legacies. Now the wife has no present, vested interest in such a legacy to the husband. It is his own to dispose of at his pleasure, and there are many contingencies which may intervene to prevent the wife from ever acquiring any part of it.

We think the wife was a competent and disinterested witness, and that the court erred in excluding her testimony as applicable to the legacy of her husband.

REVERSED.