BATES ET AL. v. OFFICER.

1. **Will:** PROBATE: HUSBAND OF DEVISEE AS WITNESS: COMPETENCY. A husband is not disqualified, on account of his interest, to act as a subscribing witness to a will on the ground that his wife is named therein as a devisee of real estate. (*Hawkins v. Hawkins*, 54 Iowa, 443, followed in principle).

2. ——: ——: ——: ——: PERSONAL TRANSACTION WITH DECEDENT. In proceedings to prove a will, the husband of a devisee of real estate is not incompetent to testify as a subscribing witness, on the ground that he is the husband of an interested party, and that his testimony will relate to a personal transaction between himself and the decedent; (Code, § 3639;) for it is not necessary, under the law of this state, that there should be any personal transaction between the testator and the subscribing witnesses.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, DECEMBER 15.

ISAAC SPENCER made his last will and testament on the fifth day of April, 1883, and afterwards died. The will was filed in the office of the clerk of the circuit court for probate. The testator, after making provision for his wife, gave all of the residue of his estate, real and personal, to his four children. One of these children was described in the will as an adopted daughter, named G. S. Bates. She is the wife of one

Curtis Bates, who was one of the attesting witnesses to the will. The defendant, who is one of the testator's children, contested the will. A trial was had, and the will was admitted to probate. The defendant appeals.

*Proctor & Tollefsen*, for appellant.

*R. Wilber*, *Blythe & Markley* and *Sherwin & Schermerhorn*, for appellees.

ROTHROCK, J.—The court permitted the attesting witness Bates to testify as a witness to the execution of the will. His evidence was objected to, and the question as to his competency as a witness is the only one involved in the appeal. It is urged that Bates was not a competent attesting witness, because his wife was a devisee under the will, and therefore the husband was interested in maintaining the will. We had occasion, in the case of *Hawkins v. Hawkins*, 54 Iowa, 443, to examine the question as to whether a wife is a competent subscribing witness to a will in which her husband is a legatee, and we held that she was. It is said, however, that in that case the bequest to the husband consisted of personal property, while in the present case the wife is a devisee of real estate. We are unable to see that this should change the rule adopted in the cited case. The rule is founded on the thought that the disqualifying interest must be a present, certain and vested interest, and not an interest uncertain, remote or contingent. This being the test of interest, it is very plain that any interest Bates may have in real estate devised to his wife depends upon the contingency that he may survive her, or that it may not be sold upon execution or judgment against his wife, or that he may not be divorced from her.

It is further claimed that Bates was an incompetent witness, under section 3639 of the Code, because, Isaac Spencer being dead, he is the husband of a party interested in establishing the will, and the testimony of the witness relates to a

personal transaction between the deceased and the witness. We do not think this position can be maintained. It is not necessary, under the law of this state, that a testator should proclaim or state to the subscribing witnesses that the instrument is his will; and it is wholly unnecessary that there should be any personal transaction between the testator and the subscribing witnesses. *In re Hulse*, 52 Iowa, 662. The mere act of subscribing the will as a witness did not, therefore, disqualify Bates as a witness in this proceeding.

AFFIRMED.