HODGMAN, *Ex'r*, v. KITTREDGE & a., *Ap'ts.*

Any beneficial devise or legacy in a will to the wife of one of three subscribing witnesses renders the husband incompetent as a witness and the will invalid.

APPEAL from the probate of the will of Joseph Kittredge. Facts agreed. Joseph Kittredge died November, 1891, leaving a widow, Katherine H. Kittredge, a daughter, Katie L. Hodgman, and two grandchildren, Ella Belle Kittredge and Harry F. Kittredge, children of a deceased son. He nominated James C. F. Hodgman, the husband of Katie L., for executor of his will. Mr. Hodgman is one of the three witnesses to the will, which is dated November 7, 1891. Upon the probate of the will Mr. Hodgman was appointed executor, and has partially administered the estate. After the payment of the testator's debts and funeral charges and the expenses of administration, there will be left for distribution about $1,500 of personal estate, and real estate valued at $4,675. The testator's widow has waived the provisions of the will, and her dower and homestead rights, and claims one third of the estate in fee.

The will contains the following clauses among others:

"Third, I give and bequeath to Katie L. Hodgman all the wood land I own on the old Kittredge place so called; also all I own of the old Kittredge buildings so called.

"Fourth, I give and devise to my beloved wife, Katherine H. Kittredge, the use of the residue and remainder of my worldly

estate, both real, personal, and mixed, during her lifetime.   At her decease I give and bequeath this property to James C. F. Hodgman and Katie L. Hodgman—to come into their possession at her decease."

The appellants claim that Hodgman is not a credible witness within the meaning of the statute, and that the will is void because not attested and subscribed by three or more credible witnesses.

*Robert M. Wallace*, for the appellants.

*David Cross*, for the appellee.

CARPENTER, J.  A will must be "attested and subscribed . . . by three or more credible witnesses,"—that is to say, by witnesses competent at the time the will is executed to testify in a court of justice to its execution.   G. L., c. 193, s. 6;  *Carlton* v. *Carlton*, 40 N. H. 14; *Frink* v. *Pond*, 46 N. H. 125; *Lord* v. *Lord*, 58 N. H. 7.   The object of the statute is "to prevent frauds as well as perjuries.   Wills are frequently made by a testator *in extremis*, or when he is greatly debilitated by age or infirmity, when frauds may be practised upon him with facility by the crafty and designing; and it was the intention of the statute to guard against such practices, and to protect the testator by surrounding him with disinterested witnesses at the critical and important moment when he is about to execute his will.   They are to be disinterested and credible also at the time of attestation, because in some sense they are made the judges of the testator's sanity."  *Hawes* v. *Humphrey*, 9 Pick. 350, 356, 357; 2 Gr. Ev., s. 691; *Holdfast* v. *Dowsing*, 2 Str. 1253, 1255.   They are to be not only without pecuniary interest, but also so far as practicable without other motive to sustain the will.   For these reasons among perhaps others the legislature has expressly excepted attesting witnesses from the operation of the statutes, removing various disabilities to testify, and left the question of their competency to be determined by the rules of the common law.   G. L., c. 228, s. 22.

Hodgman was not rendered an incompetent attesting witness by his nomination and appointment as executor of the will (*Stewart* v. *Harriman*, 56 N. H. 25), nor by the devise to him. The statute provides that "any beneficial devise or legacy made or given in any will to a subscribing witness thereto shall be void as to such witness and those claiming under him, unless there are three other subscribing witnesses, and he shall be a competent witness thereto."   G. L., c. 193, s. 8.   Was he made incompetent by the devise to his wife?   At common law the husband or wife could not testify in a cause in which the other was interested, nor was either a competent witness to the other's will.   1 Gr. Ev., ss. 334, 343, 344; *Pease* v. *Allis*, 110 Mass. 157; *Dickinson* v. *Dickin-*

*son*, 61 Pa. St. 401. If the devise to his wife is valid and beneficial, Hodgman is not a credible witness within the meaning of the statute, and the will is invalid. It is urged that the gift to the wife should be held void under the statute above quoted; and *Jackson* v. *Woods*, 1 Johns. Cas. 163, adjudged in 1799, *Jackson* v. *Durland*, 2 Johns. Cas. 314, in 1801, and *Winslow* v. *Kimball*, 25 Me. 493, on their authority in 1846, are cited in support of the position. It was held in these cases, under a similar statute, that a devise to the husband or wife of an attesting witness was void, mainly if not entirely on the ground that husband and wife were in legal intendment one person, and that a gift to one was a gift to both. In *Jackson* v. *Durland* the court say,—" It was decided in that case [*Jackson* v. *Woods*] that a devise to the husband, in a will to which the wife was a subscribing witness, was void by the statute equally as if the husband himself had attested the will; and that this arose from the unity of husband and wife who were regarded in law as one person ; and a devise to the one was considered, in respect to the competency to attest, as a devise to the other. . . . So in the present case, a devise to Martha, the niece, her husband being a witness, is void, and her husband a competent witness to the will." Although at common law the husband took, by virtue of his marital rights, an immediate beneficial interest in every devise or legacy to his wife, in a devise or legacy to the husband the wife took no interest except a possibility of dower—an interest so remote and contingent that it would not disqualify a witness. *Smith* v. *Blackham*, 1 Salk. 283. It would seem, therefore, that if, within the meaning of the statute, a devise to the wife could properly be regarded as a devise to the husband, a devise to the husband could not be deemed a devise to the wife. But the reason of the judgments, whether sound or unsound, has now no foundation here. In this state the common law unity of husband and wife no longer exists. Neither has any legal interest in a devise or legacy to the other. G. L., c. 183, s. 1 ; *Clark* v. *Clark*, 56 N. H. 105, 113 ; *Harris* v. *Webster*, 58 N. H. 481 ; *Jones* v. *Roberts*, 60 N. H. 216 ; *Laton* v. *Balcom*, 64 N. H. 92, 95. In *Rucker* v. *Lambdin*, 12 S. & M. 230, 257 (1849), *Sullivan* v. *Sullivan*, 106 Mass. 474 (1871), and *Giddings* v. *Turgeon*, 58 Vt. 106 (1886), in each of which the New York and Maine cases were cited, considered, and disapproved, and in *Hatfield* v. *Thorp*, 5 B. & Al. 589 (1822), it was held that a devise to the husband or wife of an attesting witness was not made void by the statute.

The intention of the legislature to make void a devise or legacy to an attesting witness in order that the will may not entirely fail is clearly expressed. There is no evidence upon which it can be found that the legislature intended to make competent a witness incompetent at common law for any reason other than his pecuniary interest in the maintenance of the will, or that a witness who

takes nothing under a will should be regarded as a devisee or legatee.   The appeal is sustained, and the

*Decree of the probate court reversed.*

CHASE, J., did not sit : the others concurred.