[No. 7928]

## WHITE ET ALS V. BOWER ET AL.

1. STATUTES—*Construed*—The phrase "Credible Witnesses," as used in Rev. Stat., sec. 7071, means witnesses competent in law to establish the will.

2. WILL—*Attestation*—*Who Competent Witnesses*—The competency of the attesting witnesses to a will is not controlled by the common law, but by our statutes. Under Rev. Stat., sec. 7074, a legatee is competent as an attesting witness; but unless sufficiently attested by other competent witnesses, the will is void as to his legacy.

The wife of a legatee is a competent attesting witness. (Rev. Stat., sec. 7267) when examined for and with his consent, she is not disqualified by Rev. Stat., sec. 7274.

3. HUSBAND AND WIFE—*Distinct Persons in Law as Respects Property Rights*—Under Rev. Stat., c. 90, the husband and wife are distinct persons, and may have individual property rights. The wife has no beneficial interest in a legacy to her husband.

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. FRANK D. TAGGART, Mr. CARLE WHITEHEAD, and Mr. ALBERT L. VOGL, for plaintiffs in error.

Messrs. DOUD & FOWLER, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1.   October 29, 1909, Darwin W. White attempted to execute his last will and testament wherein he bequeathed parts of his estate to one Clarence E. Bower.   The two witnesses to the will were A. J. Fowler and Mrs. Catharine C. Bower, the latter being the wife of Clarence E. Bower, a legatee under the will.   On the decease of Darwin W. White, the will was admitted to probate in the county court, where a contest was filed, and an appeal taken to the district court where the judgment was again

in favor of proponents, admitting the will to probate, and contestants bring the case here on error.

The apparent purpose of this action is to defeat the establishing the will on the ground that one of the two attesting witnesses was the wife of a beneficiary, and therefore incompetent to witness its execution, and if incompetent, then the document was not subscribed by two credible witnesses within the meaning of the statutes, and for that reason void. It was stipulated that the question in the case to be determined, is whether under the above state of facts Catharine C. Bower was a competent witness to the will, and in the event she was, whether the legacy of her husband, Clarence E. Bower, should be forfeited on account of her being one of the two subscribing witnesses.

2. Upon the question of the instrument being void because not properly attested, the statute regarding the execution of wills (R. S. 1908, § 7071) provides: That all wills shall be attested by two or more credible witnesses. A credible witness, in the sense here used, means a competent witness under the law to testify to its execution. Was Mrs. Bower competent or incompetent to witness the will? In the event she was incompetent, it is void because not executed by two witnesses. If she was competent, it is not void. The same statute, § 7074, provides: That if a will leaves a subscribing witness any interest, that such interest shall be void unless it is attested by a sufficient number of other competent witnesses. We think from the intent and effect of this statute, Bower himself would have been a competent witness to the will, though it left him a legacy, but that it would have been void as to his interest unless it was properly attested by other witnesses. If, for the sake of the argument, we concede such a unity of interest between Bower and his wife, as to constitute her a legatee

under the statute, the only statutory inhibition on that account, against her attesting the instrument, is that the statute forfeits the legacy. It does not declare the will void. The interest willed Bower was the only one involved, and if the statute would but have declared it void in case he attested the will, then the court should not, on account of their oneness of interest, declare it void because she attested it. We are not saying the will left her any interest, or that she had any; but if she had, it was the identical interest he possessed, and the only effect of her subscribing the will would be to render his legacy void—not the will. If the will would not, on account of his interest, have been void had he been a subscribing witness instead of his wife, then it cannot be void on account of the identical interest, because she is the subscribing witness. She, on account of the marriage, would not be rendered incompetent as a subscribing witness in such a case by facts that would not disqualify him.

3. It is claimed that at common law Mrs. Bower would have been incompetent to testify in court, at the time she witnessed the will, to the facts which she then attested: first, on account of interest, and second, on account of public policy, and it is argued that by virtue of § 8, chapter 104, Gen. Laws 1877, this common law disability is still in force in Colorado. We do not agree with this contention. Competency of attesting witnesses to wills must be tested by the general law relating to competency of witnesses as provided by the statute, and not by the common law. The test is, whether under the statute, she would have been a competent witness in court, at the time of attesting the will, to testify to the facts of its execution. This question is quite thoroughly discussed in *Butler v. Phillips,* 38 Colo. 389, and while the subject matter here involved is different from that case, we think from analogy, the same rules and principles

apply. The act of 1883, page 289, S. L. 1883, entirely removes all disability, so far as this case is concerned, in witnesses from testifying on account of interest; so if Mrs. Bower had any interest, it did not disqualify her from attesting the will.

4. Upon the subject of public policy, our statute (§ 7274, R. S. 1908) provides that the wife shall not be examined for or against her husband without his consent and *vice versa*. This statute contains the only limitation on the ground of public policy, and is controlling on the subject, and not the common law. Bower was beneficially interested in the will and was seeking to establish it. His wife, with his consent, was testifying for, and not against him.

5. The will having been attested by two competent witnesses, the remaining question is, is the legacy it gives Bower void on account of his wife's interest arising from the marital relations? Had she any beneficial interest in the legacy left her husband by the will? Under our statute (chapter 90, R. S. 1908, p. 1054) the legacy given Bower by the will is his, separate and distinct from his wife's property. In law they are distinct persons, having individual property rights, and may hold separate estates. This legacy is Bower's separate property, and his wife has no direct or certain interest in it. *In re Holt's Will,* 56 Minn. 83, 57 N. W. 219, 22 L. R. A. 481, 45 Am. St. 434; *Gamble v. Butchee,* 87 Tex. 643, 30 S. W. 861.

We therefore conclude that Catharine C. Bower was a competent witness to attest this will, that it is valid, and that she has no such interest in the document as will impose upon her husband a forfeiture of his legacy because she witnessed its execution.

*Judgment affirmed.*

Chief Justice Musser and Mr. Justice Scott concur.