Hayden v. Hayden.

---

SADIE L. HAYDEN, APPELLEE, V. LOUISE JOSEPHINE HAYDEN ET AL., APPELLANTS.

FILED FEBRUARY 16, 1922. No. 21989.

1. **Wills: COMPETENT WITNESS.** "The term 'competent witness,' as used in the statute relating to the execution of wills, means a person who, at the time of making the attestation, could legally testify in court to the facts which he attests by subscribing his name to the will. Rev. St. 1913, sec. 1290." *In re Estate of Wiese*, 98 Neb. 463.

2. ———: ———: **SPOUSE.** A spouse may be a competent subscribing witness to a will, when the consort is a devisee.

3. ———: ———: **EXECUTOR.** A person who is by the terms of a will named as executor is not, by such appointment, rendered incompetent as a subscribing witness to the will, if he be otherwise competent under the statute.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Kennedy, Holland, DeLacy & McLaughlin,* for appellants:

*Smith, Schall & Howell* and *Sullivan, Wright & Thummel,* contra.

Heard before MORRISSEY, C. J., ALDRICH and ROSE, JJ., RAPER and STEWART, District Judges.

RAPER, District Judge.

Joseph Hayden died on the 28th day of May, 1920, and thereafter a petition was filed in the county court of Douglas county by Sadie L. Hayden asking for the probate of his will. Objections were filed to the probate by Louise Josephine Hayden and William Hayden. The will was admitted to probate in the county court, from which an appeal was taken to the district court, and the will was again admitted to probate. This is an appeal from that judgment.

Joseph Hayden, the testator, never married, and died in Omaha, leaving property in Douglas county and. elsewhere. He left living two brothers, William Hayden (contestant) and James R. Hayden; two sisters, Sadie L. Hayden, proponent, and Mrs. Thomas Flynn. His brother, Lawrence, died prior to testator, leaving one child, Louise Josephine Hayden, one of the contestants. A brother, Edward, died before Joseph, leaving two daughters, Mary Hayden Storz and Ophelia Hayden. Mrs. Lucile H. Madden is a daughter of a deceased sister.

The will devises all of the estate to his sisters Sadie L. Hayden, and Mrs. Tessie Flynn and the niece, Mrs. Lucile H. Madden, equally, and appoints Sadie L. Hayden, Thomas Flynn and John W. Madden, executors. The will is witnessed by C. L. Vance, and by Thomas Flynn, who is the husband of Mrs. Tessie Flynn, one of the chief devisees, and he is also appointed executor.

The contestants allege several grounds in their objections, but the sole ground presented by the record is whether or not the will was correctly executed and witnessed, the main question being one of law as to whether or not the husband of one of the principal devisees is a competent attesting witness.

It is claimed by the appellants, and conceded by appellee, that at common law the spouse of a devisee was incompetent to attest a will, and the appellants insist that that rule of the common law has not been changed

by our statute, and is in force in our state, so it may be conceded that, unless our statutes have changed the common-law rule, the witness Flynn was incompetent. Our statute requires a will to be attested and subscribed in the presence of the testator by two or more competent witnesses. Now does our law make a person who is named as executor, and is the husband of a devisee in a will, a competent witness?

Section 7893, Rev. St. 1913, provides: "Every human being of sufficient capacity to understand the obligation of an oath, is a competent witness in all cases, civil and criminal, except as otherwise herein declared." There are five special exceptions noted in the statute, but none of these refers to or excepts witnesses to wills. The statute defining the competency of witnesses has, and was obviously intended to have, a far-reaching application. It has been in force since 1866, and has been the source of frequent application, directly and indirectly. In *Sorensen v. Sorensen*, 56 Neb. 729, this court announced that, "under our system of jurisprudence every person is *prima facie* a competent witness in all cases, both civil and criminal," and it was therein further held that the incompetency of one as a witness, or the incompetency of his evidence, must be found in express law, and not based on strict or technical construction, and it was stated in the opinion: "To disqualify a person from testifying by reason of incompetency, he must fall within some one or more of the exceptions expressly provided by statute."

In this connection as to construing exceptions to a general law, Mr. Justice Story in *United States v. Dickson*, 15 Pet. (U. S.) *141, *165, says:

"We are led to the general rule of law, which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting

clause which does not fall fairly within its terms.   In short, a proviso carves special exceptions only out of the enacting clause; and those who set up any such exception must establish it as being within the words as well as within the reasons thereof."

The witness Flynn does not come within the scope of any of the five exceptions to section 7893, *supra*.   That the legislature did not intend to leave in force the common-law rules as to the execution of wills is obvious from a reading of section 1293, Rev. St. 1913, which provides:   "All beneficial devises, legacies and gifts whatsoever, made or given in. any will, to a subscribing witness thereto shall be wholly void, unless there be two other competent subscribing witnesses to the same." The language "two other competent" witnesses implies that a devisee or one receiving a beneficial gift is competent; and the section does not say nor imply that the will is void, for the reason that one of the witnesses is a devisee or interested.   The plain purport of the section is that a will so witnessed is valid.   In the next section, 1294, a remedy is given the devisee who loses his legacy because of his having attested the will, by recovering his share as an heir, under certain restrictions, from the devisees and legatees named in the will.   As well said in appellee's brief:   "If interest renders the witness incompetent (in the case of only two witnesses) there would be neither 'devisees,' 'legatees,' nor 'will.'   Such recovery is to be had 'in proportion to and *out of* the parts *devised or bequeathed* to them.'   If the will itself is void, because of *interest* of one witness, it would be 'paradoxical' to provide for a remedy against devisees who are not devisees."

This court held in the case of *In re Estate of Wiese*, 98 Neb. 463, that the attestation of a will by two competent witnesses is a statutory requirement, and that a competent witness is one who at the time of attesting a will would be legally competent to testify in a court of justice to the facts which he attests by subscribing his

name to the will, and it was decided in that case that a devisee may be a competent subscribing witness to a will. In *Spier v. Spier,* 99 Neb. 853, it was held that a child under 14 years of age was a competent witness to a will, and in the opinion it is stated: "She was not required to have any other qualifications than those of an ordinary witness."

In *Kaufman v. Murray,* 182 Ind. 372, the Indiana court held, under a statute not dissimilar in principle from our own, that a wife (Mrs. Kaufman) was a competent witness to a will which gave a devise to her husband, and Morris, J., in the opinion says: "Section 3144 * * * provides that a witness beneficially interested may be compelled to testify when necessary. The statute deprives him however of taking any property of the decedent other than what he would have taken by the law of descent. The proper construction of this section has been considered by this court in the recent case of *Wiley v. Gordon,* 181 Ind. 252, and, under the doctrine there declared, Mrs. Kaufman, had she attested the will, would have been a competent witness, and it necessarily follows that, under such doctrine, the husband would not be excluded where the wife is the beneficiary." In a note to *Kaufman v. Murray,* Ann. Cas. 1917A, 833, the editor gives this rule: "Under statutes making husband or wife generally competent to testify in favor of each other, and where there is no special restriction with respect to wills, the husband or wife of a beneficiary under a will is a competent attesting witness to the will"—citing *White v. Bower,* 56 Colo. 575; *In re Hatfield's Will,* 21 Colo. App. 443; *Hawkins v. Hawkins,* 54 Ia. 443; *Bates v. Officer,* 70 Ia. 343; *In re Holt's Will,* 56 Minn. 33, 45 Am. St. Rep. 434, 22 L. R. A. 481; *Lippincott v. Wikoff,* 54 N. J. Eq. 107; *Gamble v. Butchee,* 87 Tex. 643.

In some states, Illinois (before 1911, when a new statute was passed), Massachusetts, Maine, New Hampshire, and others, where, as is said in *Hodgman v. Kittredge,* 67 N. H. 254, 68 Am. St. Rep. 661, "The

legislature has expressly excepted attesting witnesses from the operation of the statutes, removing various disabilities to testify, and left the question of their competency to be determined by the rules of the common law," it is held that under the common law a husband or wife is incompetent as an attesting witness when the spouse is a devisee.

Our statutes are plain, and, in view of their provisions and the decisions of other courts having similar provisions in their laws, there can be no other conclusion than that the witness Flynn was not incompetent to attest the will as a subscribing witness because his wife is a devisee.

Another question raised by the appellants is that, because the witness Flynn was named as executor, he was thereby rendered incompetent. The *Wiese* case, *supra,* determines that proposition, and it would seem that the conclusion reached above necessarily decides this question. However, other courts have held that the mere fact that a party is named as executor clearly does not affect his competency as an attesting witness. *Geraghty v. Kilroy,* 103 Minn. 286; *Stewart v. Harriman,* 56 N. H. 25, 22 Am. Rep. 408. Other cases might be cited, but it is deemed unnecessary.

Thomas Flynn is a competent witness, and the judgment of the district court admitting the will to probate is right, and is

AFFIRMED.