GORE *v.* DACE *et al.*

(Division A. April 21, 1930.)

[127 So. 901. No. 28622.]

**L. K. Saul,** of Ellisville, for appellant.

**J. T. Taylor,** of Ellisville, for appellees.

**Cook, J.,** delivered the opinion of the court.

Lucy Baker died in Jones county, Mississippi, leaving a last will and testament by which she devised and bequeathed all her property, real and personal, to Emily Gore. The will was attested by Will Gore, the husband of the sole devisee and legatee under the will, and a justice of the peace who prefixed to his signature a certificate of acknowledgment of the will by the testatrix.

This will was admitted to probate, and thereafter a petition was filed by certain heirs at law of the testatrix seeking to have the will declared to be null and void. This petition contained a general averment that the will was fraudulent and void, but the specific ground of attack is found in the charge that the husband of the sole beneficiary under the will was not a competent witness to the will, and therefore it was not sufficiently attested and proven. There was a demurrer to this petition which was overruled, and the defendant thereupon refusing to plead further, a final decree was entered adjudging that the said will was null and void, and that the heirs at law of the deceased testatrix were entitled to her estate under the laws of descent and distribution, and from this decree this appeal was prosecuted.

In the cases of Murray v. Murphy, 39 Miss. 214, and Bolton v. Bolton, 107 Miss. 84, 64 So. 967, it was held that where one of the subscribing witnesses to a will, being a justice of the peace, prefixes to his signature a certificate of acknowledgment of the will by the testator, in the ordinary form of certificates of acknowledgment of deeds, etc., the certificate is superfluous and useless, and cannot have the effect of impairing his signature or vitiating his attestation, and on this appeal the question presented for decision and argued by counsel is whether or not the husband or wife of a beneficiary under a will is competent as an attesting witness to the will.

In support of the decree of the court below, and of the contention that the husband is not a competent witness to a will under which his wife is the beneficiary, the appellees rely principally upon the case of Rucker v. Lambdin, 12 Smedes & M. 230, in which it was held that the general policy which excludes husband and wife from testifying in matters involving the interests of either makes them incompetent as a witnesses to a will under which either has an interest, either in the personalty or realty thereby devised and bequeathed. At the time this decree was rendered the common-law rule prohibiting a husband or wife from testifying for or against each other was in

full force and effect in this state, and the decision is expressly based upon this general policy or principle. This policy of the law has long since been changed by statute, and since the adoption of the Code of 1871 husband and wife have been competent to testify in favor of each other in all criminal and civil cases. Sections 759 and 760 of the Revised Code of 1871.

The present statute, chapter 35, Laws of 1928, provides that "husband and wife may be introduced by each other as witnesses in all cases, civil or criminal," and since the reason or principle of law upon which the case of Rucker v. Lambdin, supra, was based has been changed by statute, that case is no longer authority for the rule that a husband or wife is not a competent witness to a will in which the other is beneficially interested. The policy of our law now is to make the husband and wife competent witnesses for each other in all cases, and since this policy is not limited or restricted by any statute regulating the execution of wills, we conclude that a husband or wife of a beneficiary under a will is a competent attesting witness to the will. For authority from other jurisdictions in support of this view, see the notes appended to Kaufman v. Murray, Ann. Cas. 1917A, 832.

It follows from the views herein expressed that the demurrer to the petition of the heirs at law of the testatrix should have been sustained, and therefore the decree of the court below will be reversed, the demurrer to the petition sustained, and the cause remanded.

Reversed and remanded.