HOWARD v. FIELDS.

No. 31386.   Feb. 20, 1945.

*156 P. 2d 139.*

PER CURIAM. On February 1, 1942, Die Howard departed this life a resident of Blaine county. On February 25, 1942, Annette Fields, hereinafter referred to as proponent, offered for probate in the county court of said county an instrument which bore the date of October 24, 1941, and which had been attested by R. H. Morgan, Georgia McCowan, and Maud Morgan as subscribing witnesses as and for the last will and testament of said Die Howard, deceased. On March 6, 1942, Louie D. Howard, a son of decedent and hereinafter referred to as contestant, appeared and opposed the admission of said instrument to probate. The grounds of opposition were: (1) lack of testamentary capacity of said Die Howard; (2) the instrument had been executed as a result of undue influence; (3) the execution of the instrument had been induced by fraud; (4) the instrument had not been executed and attested in the form and manner required by law. The county court denied probate of the instrument for the assigned reason it should not be allowed as a will. The proponent appealed upon both issues of law and fact to the district court. The evidence adduced at said trial was in conflict upon the issue of testamentary capacity and fraud in the inducement of the instrument. The insufficiency of the execution and attestation of the instrument was based upon the admission that one of the attesting witnesses, Maud Morgan, was the wife of another attesting witness who had acquired an interest in the corpus of the estate from the beneficiary named as devisee therein and the alleged incompetency of said witness to testify regarding the execution of the instrument offered for probate. The objection of contestant to the competency of said witness was overruled and proper exceptions were saved. The district court found, in substance, decedent possessed the requisite testamentary capacity at the time of the execution of the instrument; that the instrument had been executed without undue influence and without fraud and in the manner and form required by law, and reversed the judgment of the

E. Blumhagen, of Watonga, for plaintiff in error.

R. H. Morgan, of Watonga, for defendant in error.

county court and ordered the instrument admitted as and for the last will and testament of said Die Howard, deceased.

The contestant has prosecuted this appeal, and as grounds for reversal urges four propositions which may be summarized as follows: (1) The witness Maud Morgan was incompetent by reason of her marital relation by reason of the fact that she was the wife of R. H. Morgan, who had acquired an interest in the corpus of the estate; (2) the witness R. H. Morgan was incompetent for the reason that he had acquired an interest in the corpus of the estate; (3) the finding of testamentary capacity on the part of the decedent is contrary to the clear weight of the evidence; (4) the finding that the instrument was not executed as a result of fraud practiced upon decedent is contrary to the clear weight of the evidence.

The record in this case shows that Die Howard was an aged negro, being approximately 85 years of age at the time of his death; that he owned some 87½ acres of land in Blaine county, and that he had previously conveyed this land to his son, Louie D. Howard, therein providing that his son would furnish him with a home and his support during his lifetime; that Die Howard had gone to his son's home in Kansas City and had remained there for a short time and had then returned to Watonga, Okla., and at that time had expressed considerable disappointment with the treatment which he had received in his son's home, particularly from his daughter-in-law; that shortly thereafter decedent was taken to the home of the proponent and became ill there, and that during said illness Georgia McCowan, the mother of proponent, called contestant on long distance telephone and had a conversation with him regarding his father; that this conversation was reported to decedent and that during the following fall decedent had an attorney write the contestant and request him to redeed the property to the decedent, and that if said request was not

complied with, an action would be brought to rescind the deed which decedent had theretofore executed; that contestant refused to comply with the request so made; that thereafter decedent instituted an action to cancel the deed which he had theretofore given the contestant. The contestant made no defense to the action and final judgment was entered therein on January 5, 1942; that on the same day that decedent instituted the action to cancel the deed he also executed the instrument herein involved, and in this instrument, after specific legacy of one dollar to the contestant and another son, of whose whereabouts the decedent had no knowledge, all the rest and residue of decedent's estate was devised and bequeathed to proponent. The evidence regarding fraud in the procurement of the instrument is said to consist in the version of the conversation given by Georgie McCowan to the decedent.

The contestant contends primarily that Maud Morgan, the wife of R. H. Morgan, was an incompetent witness to testify by reason of the provisions of 12 O.S. 1941 § 385, which forbid husband and wife testifying for or against each other. The basis of the contention so made is that under the statute the witness was incompetent since the effect of her testimony would be in favor of her husband who had a pecuniary interest in the estate involved. As supporting this contention our attention is directed to the cited statute and Western National Life Ins. Co. v. Williamson-Halsell-Frazier Co., 37 Okla. 213, 131 P. 691; Caesar v. Burgess, 103 F. 2d 503; 28 R.C.L. p. 136; 25 A.L.R. p. 308. An examination of the authorities cited will reveal that they support the general rule that a husband or wife is an incompetent witness for or against each other, but they do not have application to a case as the one at bar. 84 O.S. 1941 § 55, subd. 4, requires two attesting witnesses to a formal will, and 84 O.S. 1941 § 145, provides:

"If the subscribing witnesses to a will are competent at the time of attesting its execution, their subsequent incompe-

tency, from whatever cause it may arise, does not prevent the probate and allowance of the will, if it is otherwise satisfactorily proved."

It is not contended that Maud Morgan and R. H. Morgan were not competent witnesses at the time they attested the instrument here involved. The competency of a subscribing witness is to be determined as of the date of attestation and not as of the date when the instrument is offered for probate. See 28 R.C.L. p. 133; 68 C.J. p. 676, § 321. The fact that the husband of Maud Morgan had afterwards acquired from the beneficiary under the instrument interest in the property bequeathed or devised did not render her an incompetent witness under the provisions of 12 O.S. 1941 § 385. Lanning v. Gay, 70 Kan. 353, 78 P. 810.

It is next contended that the witness R. H. Morgan was incompetent by reason of the acquisition by him of an interest in a portion of the estate which had been devised to the proponent. Contestant argues, in substance, that the purchase by Morgan of an interest in the property devised constituted him a beneficiary under the will, and thus, in effect, equally interested with the proponent, and therefore incompetent as if he had been a proponent of the instrument himself. If the witness R. H. Morgan was, in effect, a beneficiary under the will, the argument advanced would be sound. See In re Cregor's Estate, 135 Okla. 77, 274 P. 30; In re Stire's Will, 92 Okla. 276, 219 P. 695. The fallacy of the argument of contestant, however, lies in the major premise asserted. R. H. Morgan was not a beneficiary under the will and did not become such by purchasing an interest from the devisee thereunder. As said in Delavergne's Will, 259 Ill. 589, 102 N.E. 1081:

"While the acquisition by an attesting witness of the interest of legatees or devisees under the will will not ren-der him incompetent, so as to prevent the probate of the will, it may be shown for the purpose of impeaching his testimony."

See, also Renwick v. Macomber et al., 233 Mass. 530, 124 N.E. 670.

No issue is raised concerning the competency of Georgia McCowan, the third subscribing witness, to testify.

The final contentions are that the finding of the trial court that Die Howard possessed sufficient testamentary capacity and that the execution of the instrument had not been induced by fraud are against the clear weight of the evidence. The contestant argues thereunder that while the contention possibly could not be sustained if reliance is had solely upon the oral evidence introduced, that this evidence coupled with the proceedings had to cancel the deed shows clearly that the decedent was induced by fraud to execute the alleged will for the benefit of proponent, and cites as supporting this proposition the case of In re Mason's Estate, 185 Okla. 278, 91 P. 2d 657, and In re Rick's Estate, 160 Cal. 467, 117 P. 539. An examination of the cited cases will reveal that they do not sustain the position of contestant and will not bear the interpretation which he seeks to place thereon. The evidence, as heretofore stated, was in substantial conflict upon the material issues involved, that is, the testamentary capacity of the decedent, and whether execution of the instrument had been induced by fraud. We are unable to say after a careful review of the entire evidence that the finding of the trial court thereon is contrary to the weight of the evidence.

Judgment affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur. GIBSON, C.J., and WELCH and ARNOLD, JJ., dissent.