·BRYANT *et al. v.* BRYANT, executor.

No. 16459. February 15, 1949.

*Emmett Smith, H. M. Abercrombie,* and *Neal C. Newell,* for plaintiffs.

*Willis Smith* and *Robert D. Tisinger,* for defendants.

Atkinson, Presiding Justice. The sole contention is that the will here involved, devising and bequeathing all of the testatrix's property to a named person, is invalid on the ground that the legatee's wife, one of three subscribing witnesses, was incompetent as such. The common law provided that the spouse of a legatee was not competent to act as an attesting witness to the execution of a will. 57 Am. Jur. p. 240, § 315; Cæsar *v.* Burgess, 103 Fed. 2d, 503, 507, et cit.; 25 A. L. R. 305. However, under the Witness Act of 1866 (Ga. L. 1866, p. 138; Code, § 38-1603 et seq.) and the provisions of the Code then and now existing as to the attestation and probate of wills, no person is disqualified from being a subscribing witness by reason of interest. *Jones* v. *Habersham,* 63 *Ga.* 146. The provision of the Code, § 113-304, that a husband may be a witness to a will by which a legacy is given to his wife, first appeared in the Code of 1863 as § 2386, prior to the Married Woman's Act of 1866 (Ga. L. 1866, pp. 146, 147; Code, § 53-502), and changed the common law above mentioned so as to render the husband, though not the wife, competent as a subscribing witness to a will under which the spouse is a legatee, but since the Witness Act of 1866, supra, she is likewise competent. Accordingly, the judgment sustaining the

748

general demurrer to the motion to set aside the probate of the will must be affirmed.

*Judgment affirmed. All the Justices concur.*