**FAZEKAS, Plaintiff-Appellant, v. GOBOZY, Exr. et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24412. Decided April 9, 1958.

Henry L. Haner, for plaintiff-appellant.

Ellis V. Rippner, Stephen Gobozy, for defendants-appellees, Stephen Gobozy, Exr. and Trustee, etc. and Susie Buban.

Bart Farina and Leanza, Bernard & Longano, for defendants-appellees, Gabor Buban and Frank Buban.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, and HORNBECK, J, of the Second District, sitting by designation in the Eighth District.)

### OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio.

The judgment which gives rise to this appeal is as follows:

"* * * The jury in this action having on the 23rd day of October, 1957, returned a verdict finding that the paper writing described in the petition produced at the trial of this cause, purporting to be the last will and testament of said Gabor Buban, deceased, is the last will and testament of said Gabor Buban, deceased; therefore it is considered and determined that the paper writing described in the petition and produced at the trial of this cause is the last will and testament of said Gabor Buban, deceased. * * *"

No answer was filed in the original action to contest the will of Gabor Buban, deceased.

When the case was called for trial, and before the impanelling of a jury, certain stipulations were made by counsel for the opponent and counsel for the proponents of the will. These stipulations were made so that a motion to direct a judgment for the opponent of the will could be presented to the trial judge. This motion was overruled, and exceptions were then taken to such ruling. Thereupon, a panel of prospective jurors was called, and the following statement was made by the trial judge to the prospective jurors:

"The Court: Ladies and Gentlemen, it is necessary that I ask you a few questions and thereafter each of the counsel will ask you a few questions for the purpose, not of prying into your personal affairs but attempting to determine whether or not they feel that you can serve as a fair and impartial juror in this case. Each side wants a fair trial and they want jurors who have no prejudice or bias or favor on either side.

"Now, we have a new statute in Ohio with respect to swearing juries; you have probably read about it; so each of you will stand."

The prospective jurors were then sworn, and the trial judge said that this was a will contest action brought by Frank Fazekas against Stephen Gobozy, the executor of such will. He then proceeded to name the other defendants and their counsel. The trial judge then said to the prospective jury:

"This is a will contest action and the question at issue is whether or not this is the last will and testament of the decedent."

The bill of exceptions then says:

"Thereupon the impanellment of the jury continued, and in due course a jury was impanelled and sworn."

The case proceeded to trial in the regular manner during the remainder of that day—to wit, Friday, October 18, 1957. Then the trial began again on Monday, October 21, 1957, at 1:30 o'clock, p. m., at which time, after some discussion by counsel and the trial judge, the following journal entry was ordered to be placed on the record in this case:

"This cause came on for trial and it appearing to the court that no answer has been filed herein, it is ordered that the following issue of fact be submitted to and tried by the jury, to wit: 'Is the writing produced the last will of Gabor Buban, deceased?' And the Clerk is directed to enter this order on the journal in this cause."

This entry was placed on the journal thereafter—to wit, on October 22, 1957.

The case then continued on Monday, October 21, by the presentation of the evidence until its conclusion. A verdict was returned in favor of the proponents of the will. The opponent of the will says that the judgment rendered on that verdict is prejudicially erroneous in many respects.

The chief matters of complaint, and those which we shall consider, are that:

(1) Stephen Gobozy, one of the defendants, and an appellee herein, is not a competent witness to the will of Gabor Buban, deceased, since he, as one of the two witnesses to such will, is named therein as executor of the will and trustee of the estate of the decedent. The opponent says that since Stephen Gobozy is not a competent witness, the purported will is not valid, because it then has but one competent witness to its execution.

(2) The trial court erred in failing to withdraw a juror and declaring a mistrial because such court did not (there being no answer to the petition to contest the will), prior to the impanelling of the jury, place on the journal the issue as prescribed by §2741.04 R. C.

Sec. 2107.03 R. C., says, in part, that a will shall be "attested and subscribed in the presence of such party (the testator), by two or more competent witnesses * * *."

It is not denied herein that in all respects the will was properly executed if Stephen Gobozy is a competent witness.

There is nothing in the statutes on wills, except as may be contained

in §2107.15 R. C., which determines under what circumstances a person is an incompetent witness to a will. The general sections on the competency of witnesses in a civil action are §2317.01 et seq, R. C. If these latter sections are to apply, we must say that Stephen Gobozy was a competent witness.

If, then, we examine §2107.15 R. C., which, in part, reads as follows—

"If a devise or bequest is made to a person who is a witness to a will and the will cannot be proved except by his testimony, the devise or bequest shall be void. The witness shall then be competent to testify to the execution of the will as if such devise or bequest had not been made."—

we find that the devisee or legatee is not an incompetent witness; but if his testimony is necessary to prove the will, then the bequest or devise is void if it comes within the exclusion of the statute above.

If the fact that one who is named as an executor and trustee in a will has such an interest in the will that would disqualify such person from acting as one of the two necessary subscribing witnesses to the will, then the instrument in question in this case must be declared a nullity, and the judgment rendered by the trial court must be reversed, and final judgment rendered for the opponent herein.

We note that the statute describing the method of making a will, §2107.03 R. C., provides for "competent witnesses"; whereas, in an oral will, §2107.60 R. C., that type of will must be "reduced to writing and subscribed by two competent **disinterested** witnesses * * *." (Emphasis ours.)

The instrument before us is in writing, so we are not required to discuss the competency of witnesses to nuncupative or oral wills.

Under the common law, the general rule was that a person who had an interest in the outcome of a matter was not a competent witness. This was a rule founded on public policy. Cockley Milling Co. v. Bunn, Admx., 75 Oh St 270; Powell, Admx. v. Powell, Admx., 78 Oh St 331; 42 O. Jur., Witnesses, pg 129, Sec. 122, et seq.

With the abrogation of the common law rule, with respect to the competency of witnesses when called to testify in an action, interest was no longer a disqualifying factor. Age, capacity to correctly relate matters about which the witness testifies, and the status of the party testifying where the adverse party is deceased, are some of the qualifying matters for a witness who testifies in an action.

A witness to a will is required to give testimony in a manner similar to a witness in an action in court. The witness to a will is sworn and required to orally state the facts which transpired at the time of the execution of the will. In addition, the witness also subscribes to a written statement regarding such execution.

The general rule, as announced in cases in other jurisdictions, is that all persons are competent, as witnesses to a will, who are legally competent to be sworn and able to testify in a court of justice to the facts to which they attest in subscribing their names to the will. Ferguson v. Ferguson (Va.), 47 S. E. 2d 346; In re Mitchell's Estate (Wash.), 249 P. 2d 385; Hayden v. Hayden (Neb.), 186 N. W. 972; 1 Page on Wills (Lifetime Ed.), Secs. 312 and 317, and authorities there cited.

We are not dealing herein with the devolution of the property in this estate. That is a matter within the jurisdiction of the Probate Court; however, §2107.15 R. C., supra, says, in effect, that one to whom a devise or bequest is made is not a competent witness, where the testimony of such person is necessary to sustain the will, except by declaring the devise or bequest void.

Stephen Gobozy was named executor of the will herein, and also trustee of the estate of the deceased as provided in such will. He has received compensation for his services in such capacities. Is this will a nullity because of such fact?

We do not think so. The general rule, followed in jurisdictions having statutes similar to Ohio, is that a witness-executor or witness-trustee is not an incompetent subscribing witness to a will by reason of such fact. 1 Page on Wills (Lifetime Ed.), Secs. 325 and 327; 94 C. J. S., Wills, Secs. 185 f, 185 g; 57 Am. Jur., Wills, Secs. 316 and 317.

We next consider the effect, in relation to the facts of this case, of §2741.04 R. C., which says, in part:

"In an action under §2741.01 R. C. (contest of will), an issue must be made up either by pleadings or an order on the journal, whether or not the writing produced is the last will * * * of the testator, which issue shall be tried by a jury." (Emphasis ours.)

We have heretofore detailed the way in which the trial judge entered the order setting forth the issue as required by the statute. The pleadings in a case are not evidence to be considered by the jury during their deliberations. The practice in most trial courts is not to allow the pleadings to be taken to the jury room for inspection by the jury during their deliberations.

Although the case of **Meyer v. Welsbacher et al, 80 Oh Ap 200**, says that—

"1. In a will contest, it is the duty of the trial court, in the absence of an answer, to make up the issue prescribed by §12082 GC, by an order on the journal before the impaneling of a jury."—
we do not find that any such time requirement is contained in the statute.

The order herein set out the issue, and such order was made prior to the conclusion of the trial. The issue was also orally given to the jury by the trial judge at the time they were impanelled.

We do not have before us the instructions given by the trial court. There is no complaint made concerning them. We therefore assume that the issue was properly made and given to the jury in such instructions.

We do not say that the time when the journal entry is filed, setting forth the issue, is not material; but where, as in this case, the entry setting forth the issue was dictated by the trial judge before the conclusion of the testimony, and then filed, and, at the time of impanelling the jury, such issue was given orally to the jury, we do not believe that this sequence of events amounted to error prejudicial to the substantial rights of the appellant herein.

It is therefore our conclusion in this case that Stephen Gobozy was

a competent subscribing witness to the will of Gabor Buban, deceased; and that no prejudicial error intervened herein in the way in which the issue was made up.

The judgment in this case must be affirmed.

Judgment affirmed.

DOYLE and HORNBECK, JJ, concur.