In the Matter of the **ESTATE OF E.T.G. HARRISON, Deceased.**

**Tom S. ZIEGELGRUBER, Appellant,**

v.

**Edward T.G. HARRISON, Jr., By and Through Jeanne Anne HARRISON; Guardian Ad litem, Appellee.**

**No. 65415.**

Court of Appeals of Oklahoma, Oklahoma City Divisions.

April 14, 1987.

Rehearing Denied June 9, 1987.

Allan DeVore, Marjorie J. Ramana, Oklahoma City, for appellant.

Jack L. Freeman, Edmond, for appellee.

## ACCELERATED DOCKET DECISION

This Accelerated Docket case was submitted to the undersigned judges. Oral Argument was waived by both parties.

Appellee, through his guardian, contested his father's Will on the basis that Appellant, testator's grandson who received the bulk of the estate under the Will, is the spouse of an attesting witness to the Will. Trial Court withdrew the Will from probate on this basis. Appellant appeals.

The issues presented are: Is the spouse of a beneficiary competent to attest the Will? If yes, is the gift given to the beneficiary void under Oklahoma law?

Oklahoma requires two attesting witnesses for the valid execution of a self-proved Will.[1] Although the statutes delineate persons who can make a Will,[2] the statutes do not indicate who is competent to attest a Will. The statute does not particularly call for a "disinterested witness"; however, Okla.Stat. tit. 84, § 143 (1981) states:

"All beneficial devises, legacies or gifts whatever, made or given in any will to a subscribing witness thereto, are void unless there are two other competent subscribing witnesses to the same; but a mere charge on the estate of the testator for the payment of debts does not prevent his creditors from being competent witnesses to the will."

It is clear under this statute a Will is valid even if a witness is a beneficiary; the witness is competent but the gift fails.

Our Oklahoma Supreme Court has rarely addressed the issue of who is a competent attesting witness. However, in 1945 and 1947 our Oklahoma Supreme Court espoused the general rule that a spouse of a beneficiary is incompetent to attest. *In re Purcell Estate*, 198 Okla. 166, 176 P.2d 986 (1947) and *Howard v. Fields*, 195 Okla. 180, 156 P.2d 139 (1945). However, the Supreme Court stated the rule was based on

Okla.Stat. tit. 12, § 385 (1941). Section 385 prohibited a spouse from testifying for or against the other spouse. This statute was repealed in 1978. *In re Purcell Estate* and *Howard v. Fields* are no longer controlling.

At common law, both a beneficiary and the beneficiary's spouse were incompetent to sign as an attesting witness. *Caesar v. Burgess*, 103 F.2d 503 (10th Cir.1939). This rule was based primarily on

1. A spouse could not testify for the other spouse, *Sullivan v. Sullivan*, 106 Mass. 474 (1871) and

2. By virtue of the marital rights, a husband took an immediate interest in any and all devises to the wife. A gift to one was a gift to both. *Hodgman v. Kittredge*, 67 N.H. 254, 32 A. 158 (N.H.1892).

Most states have legislatively evolved away from these two foundations. Oklahoma is among them.

First, as stated earlier, Oklahoma's statute prohibiting a spouse from testifying for or against the other has been repealed.[3] In its place, Oklahoma legislature enacted Okla.Stat. tit. 12, § 2501 (1981). Not only may spouses testify for each other, they may be compelled to do so in any civil case.[4]

As for the second foundation of the common law rule, Oklahoma has enacted many statutes authorizing married women to be separate legal persons from their husbands.[5] Neither husband nor wife has any legal interest in the separate property of the other.[6] Neither spouse needs to join the other when conveying, mortgaging or contracting separate property.[7] Further, under our most recent legislative enactments, after July 1, 1985, a testator may

---

1. Okla.Stat. tit. 84, § 55 (1981).

2. Okla.Stat. tit. 84, § 41 (1981).

3. Okla.Stat. tit. 12, § 385, Repealed by laws 1978, c. 285, § 1102 effective October 1, 1978.

4. *See,* Okla.Stat. tit. 12, § 2504 for privileged communications in criminal proceedings.

5. Married women may now sue in their own name without joining their husbands. Okla.

Stat. tit. 12, § 2017 (Supp.1984). Married women may devise their separate property without consent of their husbands. Okla.Stat. tit. 84, § 42 (1981). Married women cannot be discriminated against in the pursuit of credit. Okla.Stat. tit. 14A, § 1–109 (1981). Oklahoma has enacted the Married Women's Emancipation Act. Okla.Stat. tit. 32, § 15 (1981).

6. Okla.Stat. tit. 32, § 4 (1981).

7. Okla.Stat. tit. 16, § 13 (1981).

completely exclude a spouse from separate property by Will.[8] Clearly, married women and men can maintain separate, distinct estates apart from a spouse.

Under Oklahoma statutory law, the common law rule that a beneficiary's spouse is incompetent to attest the Will no longer has a legitimate foundation. If the Will is to be invalid or the gift void, it is for the legislature to direct.

Other modern courts[9] have come to the same conclusion that once the legislature enacts a statute allowing a spouse to testify concerning the other spouse, the common law rule forbidding attestation ceases. These cases also uphold the gift to the beneficiary spouse.

Colorado had a similar statute to Okla. Stat. tit. 84, § 143, that a gift is void if the beneficiary is an attesting witness. The Colorado Supreme Court has held, since the entire Will is not void when a beneficiary attests, surely the Will is not void when the spouse attests. *White v. Bower*, 56 Colo. 575, 136 P. 1053 (1913). That Court also discussed the question: Is the gift "void on account of the ... interest arising from the marital relation"? That Court held the gift given was separate and distinct property, the attesting spouse had "no direct or certain interest in it." Therefore, the gift was valid.

Minnesota also had a statute similar to Okla.Stat. tit. 84, § 143. The same question arose, is the gift void when a spouse of a beneficiary is an attesting witness? The Minnesota Supreme Court stated: "The only devises or legacies which the statute annuls are those made to subscribing witnesses, which clearly does not apply to the husband or wife of the legatee." *In re*

*Holts Will, Needham v. Borden*, 56 Minn. 33, 57 N.W. 219 (1893). The gift was valid.

Nebraska, with a similar statute to Okla. Stat. tit. 84, § 143, came to the same conclusion stating it is clear that "the legislature did not intend to leave in force the common law rules as to execution of Wills." *Hayden v. Hayden*, 107 Neb. 806, 186 N.W. 972 (1922). That Court held the Will was valid even though attested by a spouse of a beneficiary.

*In re Williams Estate, Hoyt v. Little*, 158 Kan. 734, 150 P.2d 336 (1944) correctly held that the gift will not fail absent a statute to that effect.[10] Our Oklahoma Legislature has not enacted such a statute. This may be done only by the legislature, not the Court.

Nothing herein in any way limits a person from contesting a Will on the grounds of duress, menace, fraud or undue influence under Okla.Stat. tit. 84, § 43 (1981). Attesting witnesses are not only judges of a testator's sanity but are also watch dogs for fraud. *Fisher v. Spence*, 150 Ill. 253, 37 N.E. 314 (Ill.1894). *Hodgman v. Kittredge*, 67 N.H. 254, 32 A. 158 (1892). The fact a spouse of a beneficiary acted as a witness could be used as simply one factor to show undue pressure which destroyed the testator's free agency or the breach of a fiduciary relationship. This fact alone will not however, make a Will invalid or the gift void.

Therefore, this case is REVERSED and REMANDED for proceedings consistent with this order.

8. Okla.Stat. tit. 84, § 44(B) (Supp.1986).

9. *Gamble v. Butchee*, 87 Tex. 643, 30 S.W. 861 (1895). *In Re Williams Estate, Hoyt v. Little*, 158 Kan. 734, 150 P.2d 336 (1944). *Gore v. Dace*, 157 Miss. 221, 127 So. 901 (1930). *Hawkins v. Hawkins*, 54 Iowa 443, 6 N.W. 699 (1880). *In Re Hartman's Estate, Hartman v. Friesner*, 21 Cal.App.2d 266, 68 P.2d 744 (1937). *Lippincott v. Wikoff*, 54 N.J.Eq. 107, 33 A. 305 (N.J.1895). *Bryant v. Bryant*, 204 Ga. 747, 51 S.E.2d 797 (1949). (Supreme Court gave Wife

the right to attest a will in which Husband was beneficiary when the Witness Act allowed her to testify for or against Husband. Husband by statute could attest in any case.)

10. Some states have enacted such a statute. *Rosenbloom v. Kokofsky*, 373 Mass. 778, 369 N.E.2d 1142 (1977). *In re Knapp's Will*, 102 Vt. 143, 146 A. 253 (1929). *Key v. Weathersbee*, 43 S.C. 414, 21 S.E. 324 (1895). *See also*, England's Statute, *1 Vict. C 26 § 15*.