46121. BAGWELL et al. v. ESTATE OF GRADY D. GIBSON.
(374 SE2d 732)

HUNT, Justice.

We granted this application for interlocutory appeal from the superior court's denial of summary judgment to the caveators to a will

and directed the parties to brief the question: "Where a court has declared a person to be incompetent and has appointed a guardian ad litem for 'both his person and property,' does Georgia law permit that guardian to be a witness to the will of his ward?"

There are very few restrictions limiting who may witness a will. OCGA § 53-2-40 provides, in pertinent part: "A will shall be attested and subscribed in the presence of the testator by two or more *competent* witnesses." (Emphasis supplied.) A person is "competent" to witness a will if he is legally competent to testify in a court regarding the facts surrounding the execution of the will. See generally 79 AmJur2d, Wills, § 283 (1975).[1] In general, any person is a competent witness to a will if he is capable of distinguishing right from wrong and of testifying in a court of law. See Redfearn, Wills and Administration in Ga. § 81 (5th ed.). For example, it is well settled that the following persons are competent witnesses to the will: the attorney who drafts the will, *Manley v. Combs*, 197 Ga. 768, 781 (8) (a) (30 SE2d 485) (1944); the executor of the will, *Hawkins v. Hodges*, 213 Ga. 837, 842 (102 SE2d 16) (1958); the testator's spouse, *Bryant v. Bryant*, 204 Ga. 747 (51 SE2d 797) (1949); a person convicted of a crime, *Dixon v. State*, 116 Ga. 186 (4) (42 SE 357) (1902), OCGA § 24-9-1; a beneficiary under the will, OCGA § 53-2-45. Although the witness's status as the testator's attorney, the executor of the will, a criminal, or a beneficiary under the will may affect his credibility if he is called upon to testify regarding the facts attending the signing and attestation of the will, that status does not require his disqualification as witness to the execution of the will.

The guardian ad litem was not disqualified, as a matter of law, from witnessing the will, and the trial court did not err by denying the caveators' motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED JANUARY 6, 1989.

*Bolton & Park, Arthur K. Bolton, Edd D. Wheeler*, for appellants.

*Tim C. Cramer, Nancy Bradford, C. Arthur Moss*, for appellee.

---

[1] The Uniform Probate Code, which has not been adopted in Georgia, provides: "Any person generally competent to be a witness may act as a witness to a will." Section 2-505.