## ALLEN et al. v. KINNIBRUGH.

No. 12033—Opinion Filed Oct. 23, 1923.

1. **Appeal and Error—Exceptions—Rulings on Evidence.**

The ruling of the trial court upon the ob-jection to the introduction of certain evidence cannot be reviewed in this court on appeal, where no exception was taken to the ruling of the trial court upon such objection.

2. **Witnesses—Competency — Husband and Wife.**

Where an action is brought by or against a spouse and others jointly, the other spouse cannot testify if all of such parties must succeed or fail together.

3. **Same—Will Contest.**

In a will contest, the wife of one of the contestants or contestees is not a competent witness for her husband or for any of the other parties joined with him as contestants or contestees, because they have a common interest in the same question, to wit, the validity of the will. All must stand or fall together; and the interest of one could not be separated from the interest of the others.

4. **Same.**

Held, that the trial court properly refused to permit Mrs. H. K., wife of H. K., one of the contestants of the will of M. K., to testify for H. K., her husband, or for any of the other contestants joined with him in contesting the said will.

5. **Sufficiency of Evidence.**

Held, further, that the evidence is sufficient to support the findings and judgment of the trial court.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Hearing on application of Bessie Kinnibrugh to probate will in the District Court of Tillman County on appeal from the County Court of Tillman County. Judgment for proponent of the will, and contestants, Lulu J. Allen and others, bring error. Affirmed.

Mounts & Williams, for plaintiffs in error.

Wilson & Roe, for defendant in error.

Opinion by JARMAN, C. The defendant in error filed a petition in the county court of Tillman county to admit to probate the last will and testament of Mary Kinnibrugh, deceased, and said will devised to Lulu J. Allen, Edith Beatrice Weathers, Marie Sangene Fry, her daughters, and Harry Sellars Kinnibrugh, her son, and Mary Kinnibrugh, her granddaughter, $1 each, and to Bess Kinnibrugh, her daughter, and proponent of the will, the residue of the estate of Mary Kinnibrugh, the testatrix. The said Lulu J. Allen, Edith Beatrice Weathers, Marie Sangene Fry, Harry Sellars Kinnibrugh, and Mary Virginia Kinnibrugh, as contestants of said will, filed a

protest to admitting the same to probate, alleging:

(1) "That at the time of making said alleged will the said Mary Kinnibrugh was incompetent of the making of a last will and testament.

(2) "That at the time of making said will said Mary Kinnibrugh, deceased, was not mentally able to make a last will and testament. That at the time of making said alleged will, said Mary Kinnibrugh, deceased, was under undue influence, menace and duress.

(3) "That at the time of making said alleged will said Mary Kinnibrugh, deceased, was under undue influence, meance and duress of her daughter, to wit: Bessie Kinnibrugh, who is the sole beneficiary of said will.

(4) "Said will is not executed and attested as by law required and is wholly void."

Upon a hearing being had, the county court entered a judgment admitting said will to probate, from which the contestants appealed to the district court of Tillman county, and upon a hearing there being had, judgment was rendered by said district court admitting said will to probate, from which judgment of said district court, the contestants bring error.

The first assignment of error relied upon by the contestants, who appear here as plaintiffs in error, is that the court erred in permitting the defendant in error, Bessie Kinnibrugh, to testify to conversations and transactions had between herself and Mary Kinnibrugh, the deceased.

In support of this contention, plaintiffs in error insist that Bessie Kinnibrugh, defendant in error, was not competent to testify by reason of section 5049, Rev. Laws 1910, being section 588, Comp. Stat. 1921, which is as follows:

"No party to a civil action shall be allowed to testify in his own behalf in regard to any transaction or communication had personally by such party, with a deceased person, when the adverse party is the executor, administrator, heir-at-law, next of kin, surviving partner, or assignee of such deceased person, where such a party has acquired title to the cause of action immediately from such deceased person," etc.

During the time the defendant in error was testifying, counsel for plaintiffs in error made the following objection, to wit:

"Now come the contestants and object to the testimony of this witness upon the ground that she is incompetent to testify as she is the party receiving the benefits under the will."

The trial court overruled this objection but no exceptions were saved to such ruling. This is the only objection made to the defendant in error as a witness, and since no exception was saved to the ruling of the court in permitting the defendant in error to testify, this assignment of error cannot be considered.

"A ruling of a trial court upon an objection to the introduction of certain evidence cannot be reviewed in this court on appeal, where no exception was taken to the ruling of the trial court upon such objection." Rhome Milling Co. v. Farmers' and Merchants' Nat. Bank of Hobart, 40 Okla. 131, 136 Pac. 1095; Capital Fire Ins. Co. v. Carroll, 26 Okla. 286, 109 Pac. 535; James H. Dunham v. J. R. Holloway, 3 Okla. 244, 41 Pac. 140."

Plaintiffs in error urge that the trial court erred in excluding the testimony of Mrs. Harry Kinnibrugh, who is the wife of Harry Sellars Kinnibrugh, one of the plaintiffs in error. The testimony of said witness, Mrs. Harry Kinnibrugh, was excluded on the strength of section 5050, Rev. Laws 1910, being section 589, Comp. Stat. 1921, which provides that the husband and wife are incompetent as witnesses for or against each other, except concerning transactions in which one acted as the agent of the other or when they are joint parties and have a joint interest in the action. Counsel for plaintiffs in error concede that said witness would not be competent to testify for her husband, Harry Sellars Kinnibrugh, but contend that she was a competent witness for the other contestants of the will. Said witness was not a party to the action and did not have a joint interest in the action with her husband, and did not act as the agent of her husband concerning matters about which she sought to testify. The husband of said witness was jointly interested with the other contestants of the will in the result of the case, and the answer or protest to the admitting of the will to probate was signed by the husband of said witness jointly with the other contestants; and all of the contestants, including the husband of said witness, must succeed or fail together in this action. Under such circumstances, said witness was not a competent witness.

"Where an action is brought by or against a spouse and others jointly, the other spouse cannot testify if all of such parties must succeed or fail together." 40 Cyc. 2215.

"In civil cases where two copartners are equally interested, the spouse of one is not

competent to testify in favor of the other, since in doing so the testimony would be given indirectly in favor of the husband or wife of the witness, which at common law could not be done." 28 R. C. L. 487,

"Where two codefendants are sued jointly, and a joint answer and defense are made by them, the wife of one is not competent to testify to a matter sustaining the joint defense, and which necessarily affects the rights of her husband equally with that of his codefendant." Arn v. Mathews (Kan.) 18 Pac. 65.

In passing on this question, the court in the case of Henning v. Stevenson (Ky.) 20 S. W. 1135, held:

"It is insisted, however, that, though she could not testify for her husband, she might testify for the other contestants. It had been held that where the defendants are severally liable, and separate judgments may be rendered as to each, the wife of one is competent for the other. But a will contest is not a case this sort. The admissions of one devisee are competent against all the devisees, because they have a common interest in the same question, and must stand or fall together, being thus consolidated by their testator, and by their own act in claiming under his will. The question to be determined here was whether the paper was the will of the testatrix. All of the contestants and all the contestees must stand or fall together. The judgment established a status which determined all their rights. The interest of one could not be separated from the interest of others. The wife of one of the contestants or devisees was not, therefore, a competent witness for her husband, or for any of the other parties joined with him as contestants or contestees."

In the case of Western National Life Insurance Company v. Williamson Halsell Co., 37 Okla. 213, 131 Pac. 691, the court held:

"The wife is an incompetent witness in a case if her husband is interested in the result of the action and will share in any recovery that he had, although the action is in the name of a third party."

The next and last assignment of error discussed by plaintiffs in error is that the court erred in not rendering judgment for the plaintiffs in error. Under this assignment, it is contended that the will is void because the testatrix, at the time of signing the will, did not declare to the attesting witnesses that the instrument was her will.

On the day before the testatrix executed the will in question, she sent for Mr. R. J. Harris, an old friend of the family, and requested him to prepare her will, and directed the manner in which her property

was to be devised, and gave the names of the persons to be designated as devisees in the will, and the amount that each was to receive. The husband of the testatrix, prior to his death, told Mrs. Kinnibrugh, the testatrix, that in the event she needed advice, after he was gone, to send for Mr. R. J. Harris, the witness. After procuring this data and receiving these instructions from Mrs. Kinnibrugh, Mr. Harris caused the will in question to be prepared, which was in keeping with the instructions and desires of the testatrix; and on the following day, Mr. Harris, in company with Dr. Gillis, the family physician of the testatrix, went to her home and the following transactions, as shown by the testimony of Mr. Harris, transpired, to wit:

"Q. When you went in the house what was done? A. Well, after we had extended greetings, I told Sister Kinnibrugh that I had the will, and she wanted to hear it read and I requested Miss Bess to read it. Q. Did you talk to her yourself when you went in there or did Miss Bess do the talking? A. I talked to her. Q. Now you say Miss Bess read the will? A. Yes, sir. Q. Then what was done? A. She signed it. I asked her if that met with her approval and she examined it and she said it did."

The testatrix then signed the will in the presence of Mr. Harris and Dr. Gillis and at her request Mr. Harris and Dr. Gillis signed the will as witnesses in her presence and in the presence of each other. It is true that the testatrix did not, in direct terms, state to the attesting witnesses that this instrument was her will, but it is clear that the testatrix, by her acts and conduct, fully conveyed to the witnesses the information that this instrument was intended as her last will and testament, and that is sufficient.

"A testator, while ill, told one of the witnesses that he desired to make a will, and the witness drew it and presented it to the testator for his signature. The testator signed and thereafter the witnesses affixed their signatures, although they were not specially requested to do so. Held, that as it was the obvious intention of the testator to execute his will, the execution was sufficient; it not being necessary that he should expressly declare the document to be his will, or expressly request the witnesses to sign it as such." In re Silva's Estate (Cal.) 145 Pac. 1015.

In discussing this question, this court in the case of Speaks v. Speaks, opinion filed June 19, 1923, not yet officially reported, held:

"It is sufficient if the testatrix by words or conduct conveys to the witnesses the information that the instrument was her will and that she desired their attestation." In re Mullin's Estate (Cal.) 42 Pac. 645; In re Ballard's Estate, 56 Okla. 149, 155 Pac. 894.

Under the last assignment of error, it is also contended that the evidence shows that the testatrix, at the time of the execution of said will, was incompetent and did not have sufficient testamentary capacity to execute a will. We have carefully examined the record in this case, and the findings of the court that the testatrix had sufficient testamentary capacity to execute said will is reasonably supported by the evidence.

"The question of testamentary capacity is one of fact, and where the finding of the trial court is reasonably supported by the evidence tending to show sufficient testamentary capacity, the judgment of the trial court will not be disturbed on appeal.

"In cases where the issues involved which determine the rights of the parties are solely questions of fact, the finding of the trial court and the judgment thereof will not be disturbed on appeal, where there is a substantial conflict in the evidence, or substantial evidence to support the verdict." Speaks v. Speaks, supra.

For the reasons above assigned, the judgment of the lower court is affirmed.

By the Court: It is so ordered.