## BROCKMAN et al. v. HARDWICK.

No. 18536. Opinion Filed April 29, 1930.

Sands & Campbell and R. L. Davidson, for plaintiffs in error.

T. J. Leahy and C. S. MacDonald, for defendant in error.

HEFNER, J. W P. Hardwick, the defendant in error herein, as plaintiff, brought this action in the district court of Osage county against the plaintiffs in error, J. B. Brockman, A. N. Hayden, and W. J. Creekmore, as defendants.

In 1920, the plaintiff, Hardwick, executed a lease contract in favor of Creekmore, Hayden, and Witte upon a building for a term of five years, at a rental of $13,500, payable in monthly installments of $225. In 1921, Creekmore and Witte assigned their interest in the lease to the defendant Hayden. Thereafter, in the same year, Hayden sold his bakery and the lease to J. B. Brockman, and the lease was assigned to him. Possession was delivered to Brockman and he paid two months' rent at $225 per month. In the fall of 1922, the defendant Brockman filed a voluntary petition in bankruptcy and the trustee in bankruptcy took possession of the premises. Thereafter a receiver was appointed in this action for the purpose of enforcing the lien upon the bakery, and the premises were leased by the plaintiff for the unexpired term of the lease to another person at $150 per month. Hardwick, the owner of the premises, notified defendants that he would hold them for the difference in rentals. The case was tried before the court and a jury, and judgment was rendered in favor of plaintiff for the sum of $3,860.

Error is assigned because the trial court refused to admit the testimony to Mrs. Brockman, the wife of the defendant Brockman. To uphold the ruling of the trial court our attention is called to the case of Allen v. Kinnibrugh, 93 Okla. 42, 219 Pac. 676. There it was said:

"Where an action is brought by or against a spouse and others jointly, the other spouse cannot testify if all such parties must succeed or fail together."

That is undoubtedly a correct statement of the law, but we do not take the view that it is applicable to the facts in this case. In this case the defendants did not file joint answers nor make a joint defense. Neither must they all succeed or fail together. The defendant Brockman's defense was a general denial and his adjudication as a bankrupt. The defendants Hayden and Creekmore filed their separate answer, admitting the execution of the lease, but alleging, further, that Creekmore and Witte subsequently assigned their interest therein to Hayden, that Hayden thereafter assigned to Brockman, and that both assignments were made with the

74

knowledge and consent of plaintiff, who accepted Brockman as a substituted lessee and thereafter looked to him for the rentals, and that the lease was thereby terminated as to them. That by reason thereof, and by reason of his acts and conduct, plaintiff was estopped from asserting any liability against the defendants Hayden and Creekmore. On this special and separate defense a portion of the court's instruction to the jury is as follows:

"* * * You are further instructed that, in order to terminate the lease as to the defendants Creekmore and Hayden, or to effect their release from the terms and liabilities of the contract for rents due thereunder after they assigned the same, it is incumbent upon them to prove by a preponderance of the evidence that the plaintiff released them by extinguishing said contract, or that, by agreement between them and the plaintiff, a new contract or agreement was had, whereby J. B. Brockman was substituted for them as the tenant of the plaintiff.

"It is not necessary, in order for plaintiff to have accepted Brockman as his tenant and to release the other defendants, to have positively and expressly agreed to accept him and release Creekmore and Hayden or either of them, and to look to Brockman for his rents; such new agreement or release may be proven by any course of conduct, new words, or acts by the plaintiff which cause the defendants Creekmore and Hayden, or either of them, to believe, and they, or either of them, had reasonable grounds to believe, that it was the intention and purpose of the plaintiff to accept Brockman for the rentals, and to relieve them from liability under such lease contract, such acts upon the part of the plaintiff would constitute an agreement to accept Brockman and to release the other defendant.

"And, if you believe from a preponderance of the evidence, that the plaintiff, either by express agreement, or by his acts, circumstances, and course of conduct, as herein instructed, released Creekmore and Hayden and accepted Brockman as his tenant and looked to him for his rentals, your verdict should be for the defendants Creekmore and Hayden."

One of the principal issues in the case, as we view the record, was whether or not the plaintiff released Creekmore and Hayden from the obligations of the contract and accepted Brockman as his tenant and looked to him for his rentals. The defendants Creekmore and Hayden offered to show by Mrs. Brockman:

"* * * That she was present when a conversation was had by J. B. Brockman with W. P. Hardwick about January, 1922, in the bakery building leased in Pawhuska, Okla., and heard at that conversation statements made by Mr. Brockman, the defendant, and Mr. Hardwick, the plaintiff, wherein the plaintiff discussed the advisability of reducing the rent of the building in question from $225 per month to $150, and relinquishing the written lease then in force or theretofore made, and that the plaintiff said in that conversation that he knew $225 a month was more than Mr. Brockman could afford to pay, and more than the property or building was then worth, and that he did not like to give up the old lease, but that he would do so and would accept $150 per month for the use of the building from Mr. Brockman and relinquish the old lease, but would not make a written contract at that rental for any definite time, but would allow Mr. Brockman to remain and occupy and use the premises for $150 per month from month to month until such time when the business would justify increasing the rent, at which time Mr. Brockman said he would pay more than that. In furtherance of that agreement Mr. Brockman prepared and transmitted to Mr. Hardwick, the plaintiff, checks for $150 covering several months thereafter, and that Mr. Brockman continued to occupy the premises under the new verbal lease from the date of conversation in January, 1922, until about the 10th or 12th of September, 1922."

From the instruction of the trial court it is apparent that this is not a case where all the defendants must succeed or fail together. Under the issues in the case and the instructions of the trial court, the jury could have returned a verdict against the defendant Brockman and in favor of the defendants Creekmore and Hayden. The theory of the defendants was that they had been released from the old contract. As to this phase of the case they were entitled to have the benefit of the testimony of Mrs. Brockman, in so far as it relates to this separate defense. Her testimony, or at least a portion thereof, was in connection with a separate ground of defense in favor of the defendants Creekmore and Hayden. We think she was a competent witness and was qualified to testify in behalf of Creekmore and Hayden as to any pertinent facts pleaded in their separate defense.

It is true the court submitted to the jury one theory of the case in which none of the defendants would have been liable, had the jury found in favor of the defendants on that issue. This, however, does not deprive the defendants Creekmore and Hayden of the benefit of Mrs. Brockman's testimony in their separate and distinct ground of defense which was submitted to the jury by the trial court in the above instruction. In

so far as her testimony might throw any light upon their separate defense, she was not disqualified as a witness, and her evidence as to that separate defense should have been admitted. The trial court committed reversible error in refusing to permit her to testify as to the same, and its judgment is accordingly reversed, with directions to grant a new trial.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) 28 R. C. L. p. 487; R. C. L. Perm. Supp. p. 6156. See "Witnesses," 40 Cyc. p. 2215, n. 53, 54.