## BOMBARGER et al. v. BLOSS.

No. 31917. Nov. 20, 1945.

*163 P. 2d 551.*

Nolen & Ross, of Okemah, for plaintiffs in error.

Thomas H. Wren and James C. Wright, both of Okemah, for defendant in error.

PER CURIAM. There is involved in this appeal title to a one-sixteenth undivided interest in the oil and gas rights in and to the N. ½ of the S. W. ¼ of section 36, township 12 N., range 9 E., Okfuskee county. The above tract originally constituted the allotment of Jack Johnson, a Creek Freedman. He afterwards conveyed the premises to Drucilla B. Bombarger. On the 24th day of December, 1919, Mrs. Bombarger, joined by her husband, conveyed said premises, together with the S. ½ of the S. W. ¼ of said section, to C. M. Bloss, reserving, however, one-sixteenth interest in and to all the oil and gas rights. On the 15th day of August, 1924, the Bombargers by mineral deed conveyed to C. M. Bloss all the oil rights in and to the N. ½ of the S. W. ¼ of said section, and on the 30th day of August, 1924, they likewise conveyed to him all their oil rights in and to the S. ½ of said quarter section. On the 1st day of October, 1926, C. M. Bloss, joined by his wife, by quitclaim deed, conveyed to Drucilla Bombarger a one-sixteenth interest in all of the oil and gas in and to the S. ½ of said quarter section. This instrument contained the following recitation:

"This grant is intended to convey to grantee the same interest as was reserved by the grantee in the land herein described in a certain deed executed by grantee and husband to the grantor, dated September 24, 1919, and of record in Book D-27 at page 609 of the records of the County Clerk of Okfuskee County, but which was afterwards conveyed to grantor in this deed by the grantee in a deed dated August 30, 1924, which deed is of record in Book B-76 at page 26 of the records of the County Clerk of Okfuskee County, Oklahoma, and no other interest."

Harvey C. Bombarger and Grace C. Bombarger claim title to a one-sixteenth undivided interest in and to the oil and gas rights in the land here involved by virtue of this deed.

On June 14, 1938, C. M. Bloss died leaving a will whereby he willed his entire estate to his wife, Daisy Bloss. The will was duly probated and the entire estate was distributed to her.

Sometime during the year of 1931 Drucilla Bombarger died intestate leaving surviving as her heirs her husband, C. C. Bombarger, and a son, Harvey C. Bombarger, and a daughter, Grace C. Bombarger. Her estate was never probated nor was heirship ever determined.

Sometime after the death of his wife, Mr. Bombarger again married and died shortly thereafter leaving surviving as his heirs his widow, Blanche E. Bombarger, and a son and daughter above mentioned. His widow, Blanche E. Bombarger, was appointed administratrix of his estate. Daisy Bloss, as plaintiff, brought this action against Harvey C. Bombarger, Grace C. Bombarger, Blanche E. Bombarger, and the unknown heirs of Drucilla and C. C. Bombarger, for the purpose of determining heirs and to quiet title in her in and to the premises above described. Blanche E. Bombarger filed a disclaimer; Harvey C. and Grace C. Bombarger filed a cross-petition alleging that they were the owners of a one-sixteenth undivided interest in the oil and gas rights in and to the premises involved. They claimed title thereto under the quitclaim deed executed by C. M. Bloss and plaintiff on October 1, 1926. They allege that at the time the Bombargers executed their mineral deeds of August 5 and August 30, 1924, conveying the oil interests to C. M. Bloss it was understood and agreed that such conveyance should be made for the purpose only of assisting Mr. Bloss to obtain an oil and gas lease on the premises, and that when such oil and gas lease was obtained the oil and gas rights thereby conveyed should be reconveyed to the Bombargers; that it was the intention of the parties at the time of the execution of the quitclaim deed of October 1, 1926, to convey a one-sixteenth of all the oil and gas rights in and to the entire S. W. ¼ of said section instead of the S. ½ thereof. They asked that the deed be re-

formed and corrected so as to speak the truth and that the description in the deed be changed to read the S. W. ¼ of said section instead of the S. ½ thereof.

The above instruments constituted all the evidence admitted in the case. Defendants, however, sought to introduce certain evidence which was excluded. The trial court found in favor of plaintiff as against all defendants and quieted title in her in and to the premises involved in the action.

Defendants Harvey C. and Grace C. Bombarger have appealed and rely mainly for reversal on the alleged error of the court in excluding the offered evidence. These defendants sought to prove by Cora A. Bombarger, wife of Harvey C. Bombarger, that she was present at the time the mineral deeds of August 15 and August 30, 1924, were executed by the Bombargers to C. M. Bloss; that it was agreed at that time that as soon as an oil and gas lease was obtained upon the premises, the entire one-sixteenth interest in and to the S. W. ¼ would be reconveyed to the Bombargers by Mr. Bloss; that she was also present on October 1, 1926, when the quitclaim deed was executed by C. M. and Daisy Bloss to the Bombargers and they both stated that at that time they were conveying the same amount of royalty that was conveyed to them under prior deeds. This evidence was offered by defendants in behalf of Grace C. Bombarger alone. The offered evidence was excluded. Counsel then dismissed his cross-petition as to the defendant Harvey C. Bombarger and again renewed his offer. The evidence was again excluded, the court holding that while counsel might dismiss his cross-petition as to defendant Harvey C. Bombarger he could not discharge him as a party defendant; that he still remained a party defendant to the suit, and that the witness was therefore incompetent to testify. The trial court ruled correctly in this respect. Cora A. Bombarger is the wife of the defendant Harvey C. Bombarger. She is not a party to the litigation nor is she interested in the controversy. No showing has been made that she was acting in any manner as the agent of her husband. She was therefore clearly incompetent and could not testify in behalf of her husband, Harvey C. Bombarger. 12 O. S. 1941 § 385, subd. 3. Defendants, however, contend that she could properly testify as to the defendant Grace C. Bombarger. This contention is untenable. In the case of Allen v. Kinnibrugh, 93 Okla. 42, 219 P. 676, we said:

"Where an action is brought by or against a spouse and others jointly, the other spouse cannot testify if all such parties must succeed or fail together."

See, also, Brockman v. Hardwick, 143 Okla. 73, 288 P. 947.

It is obvious that if Grace C. Bombarger had succeeded in the action the judgment necessarily would enure to the benefit of the defendant Harvey C. Bombarger. The nature of the action is such that both defendants necessarily must have either succeeded or failed together. The offered evidence was therefore properly excluded.

Defendants, however, further contend that the language used in the deed of October 1, 1926, indicates that the grantee therein clearly intended to convey a one-sixteenth interest in the oil and gas rights in and to the S. W. ¼ of said section instead of the S. ½ thereof, and that the language contained in that deed is in itself sufficient to require a reformation of the deed. This contention is clearly untenable. Nothing that is contained in that deed can be so construed and is wholly insufficient upon which to predicate a judgment reforming the deed. We have frequently held that in order to justify a reformation of a deed the evidence must be full, clear, unequivocal, and convincing; that mere preponderance of evidence is not sufficient, but that the evidence must be such as to take the case out of the range of reasonable controversy. Critchlow et al. v. Bacon, 142 Okla. 168, 285 P. 968; Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362.

Other errors have been assigned, but they appear to have been abandoned.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.