### In re PURCELL'S ESTATE.

### DOLES v. FITZSIMMONS, Ex'r.

No. 32047.   Jan. 28, 1947.

*176 P. 2d 986.*

Ross N. Lillard and David Tant, both of Oklahoma City, for plaintiff in error.

Geo. A. Fitzsimmons, of Oklahoma City, for defendant in error.

WELCH, J. Mrs. Rachel Purcell died testate September 27, 1943. Her will and a codicil thereto, all in complete form and thoroughly established by proof, were admitted to probate October 16, 1943, and George A. Fitzsimmons, the person designated, was appointed executor.

Thereafter, on the 31st day of March, 1944, Mrs. Pearl Doles presented the document here involved and sought probate thereof as the second or last will and testament of Mrs. Purcell. This last mentioned document, dated "Aug. 1943," was not in the form of a will, but in the form of a letter "To Whom It May Concern." It stated a gift to Mrs. Doles of a dog to take effect after Mrs. Purcell's death. It then expressed a desire that Mrs. Doles have an item of real estate with a stated sum for its repair with the expression that she, Mrs. Purcell, had told Mrs. Doles that "I know Mr. Fitzsimmons would do what is right by her as he is a good man and knows that is right & wrong." So far as the form is concerned Mrs. Purcell in signing this latter document might or might not have intended a testamentary devise. This document nowhere used the word "will" or "testament" and did not bear any attestation clause, though after Mrs. Purcell signed it two other persons signed under the word "witness."

Admission of this document to probate as a will was contested and at the conclusion of the trial the county court sustained a demurrer to proponent's evidence. Mrs. Doles appealed to the district court and that court, after hearing the evidence, sustained a demurrer thereto and affirmed the action of the county court holding that the contested document was not entitled to probate as the second or last will of Mrs. Purcell.

Additional details of fact are that during and prior to August, 1943, Mrs. Pearl Doles, her husband, Albert Doles, and her son, Louis A. Doles, resided in the home of Mrs. Rachel Purcell, who was being given some care and attention by Mrs. Doles. Mrs. Doles dictated and Mrs. Doles wrote the "To Whom It May Concern" document and Mrs. Purcell signed the same. Thereupon some one wrote the word "witness" and under that word Louis A. Doles and Albert Doles signed purporting to witness the execution by Mrs. Purcell. On specific questioning it appears that Mrs. Purcell made no statement as to a will or as to this document being her will or that it was executed

as such, and in fact made no publication of any kind of this document as her will; that she made no request that these men attest her will or sign this document as attesting witnesses, and in fact they were not requested by anyone to so sign. And as to the form of this document, that portion of it which expresses a desire that Mrs. Doles have the described item of real estate with the said sum of money to repair it may have been intended as a request directed to Mr. Fitzsimmons as well as any intention to refer to a testamentary devise.

It may well be taken as indicated that Mrs. Purcell knew that she had theretofore executed her will in full observance of all legal formalities with Mr. Fitzsimmons named therein as executor, and under all the circumstances it may be that she had no intention of making a will when she dictated this last document.

At any rate, the trial court concluded there was total failure to prove its execution and publication as a will as required by law. The record discloses there was failure of proof on the part of the proponent as above indicated, and therefore the court did not err in sustaining the demurrer.

See 84 O.S. 1941 §55; Hill v. Davis, 64 Okla. 253, 167 P. 465; In re Stover's Will, 104 Okla. 251, 231 P. 212; McCarty v. Weatherly, 85 Okla. 123, 204 P. 632; Nelson v. York, 87 Okla. 210, 209 P. 425; In re Stock's Will, 174 Okla. 78, 49 P. 2d 503.

On this point plaintiff in error urges that nothing more is required than a substantial compliance with the statutory requirements in the execution, publication and attestation of a will. We have not overlooked that rule nor the cases cited in briefs wherein this court has applied that rule as to certain statutory requirements. However, we need not discuss those authorities at great length since we conclude they are distinguishable in fact and that here there was not substantial compliance, but, on the contrary, was total failure as to several statutory requirements as above shown.

Petitioner also urges error of the trial court in sustaining an objection to the competency of Albert Doles to testify upon the trial. When Mr. Doles was called to the witness stand it was disclosed that he was the husband of Mrs. Pearl Doles, and objection was made to his competency as a witness. The trial court sustained the objection and the witness was not permitted to testify. By provision of the statute, 12 O.S. 1941 §385, a husband is incompetent to testify for his wife, and that ruling of the trial court was correct. Allen v. Kinnibrugh, 93 Okla. 42, 219 P. 676; Wigginton v. Wiggington, 194 Ky. 385, 239 S.W. 455, and Bailey v. Waldy, 184 Ky. 451, 212 S.W. 459.

Finding no error in the proceedings or judgment of the trial court, the judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and GIBSON, JJ., concur.